IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **SAMANTHA SHARPE and** | )( | **Civil Action No.: 3:21cv328** |
| **CLEATRIS JOHNSON,** | )( | **(Jury Trial)** |
| *Plaintiffs,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **WAL-MART STORES TEXAS, L.L.C., and** | )( | |
| **WALMART, INC.,** | )( | |
| | )( | |
| *Defendants.* | )( | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SAMANTHA SHARPE and CLEATRIS JOHNSON complaining of WAL-MART STORES TEXAS, L.L.C., and WALMART, INC. and would respectfully show the following:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1332, due to the matter in controversy exceeding $75,000.00 and diversity of citizenship between the parties. See for instance **Civil Action No.: 3:20-cv-00062;** *Joseph v. Wal-Mart Stores Texas L.L.C.,* pending in the instant court. Venue is proper under 28 U.S.C. §1391(b)(2) as the judicial district in which a substantial part of the events or omissions giving rise to the claims

1

occurred.

## II.   PARTIES

2. Plaintiff Samantha Sharpe is a resident of California.

3. Plaintiff Cleatris Johnson is a resident of Brazoria County, Texas.

4. Defendants Wal-Mart Stores Texas, L.L.C. and/or Walmart, Inc., operates a store in Brazoria County, Texas at 1710 Broadway Street, Pearland, Texas. Walmart's corporate address is 702 SW 8th St. C/O Sales TX #0555, Bentonville, AR 72716. Walmart can be served through its registered agent in Texas: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.   FACTS

5. Samantha ("Sam") Sharp, 41, has a bachelor of arts in Biblical Studies and a bachelor of arts in Computer Science. She has never been arrested or convicted of a crime in her entire life.

6. Cleatris ("Clee") Johnson, 62, is retired. She has never been arrested or convicted of a crime in her entire life.

7. Together Sam and Clee went to the Walmart Store at 1710 Broadway Street in Pearland, Texas on November 20, 2019.

8. During their time at Walmart Sam and Clee did nothing suspicious nor did they shoplift or commit any crime.

9. Sam and Clee purchased various items and they were put in Walmart bags. Once purchased the items, of course, were the property of Sam and Clee and not Walmart. Sam and Clee proceeded to the exit in a calm manner with their items.

10. Before the exit there was a Walmart employee. Several people with Walmart bags of items were leaving the store in front of Sam and Clee and those Walmart patrons were allowed to leave without hesitation or interruption.

11. The Walmart employee stopped Clee and asked to see a receipt. Clee produced the receipt although she was under no obligation to do so.

12. Sam continued toward the exit with the purchased items in a calm manner.

13. Just before the exit an unknown person jumped in front of Sam blocking her path and said Sam was stealing. The unknown person had on no uniform or Walmart tag and did not identify who she was.

14. This sudden, unexpected attack was very shocking to Sam as it would be to anyone.

15. Having done nothing wrong Sam attempted to continue out the door but Sam's bag with Clee's and Sam's property was grabbed by the unknown person and the unknown person began continuously yanking on the bag pulling Sam back into the store.

16. During this interaction the unknown person came into physical contact with Sam on several occasions causing a sprain to Sam's wrist and other pain. Obviously, Sam found this contact extremely offensive. During and because of the attack the bag ripped open. Sam's cell phone, Bluetooth, and glasses were broken.

17. Many Walmart patrons observed the attack by the unknown person, who later turned out to be a Walmart loss prevention employee, on Sam and some took videos and/or photos with cell phones.

18. Sam and Clee have been to other department stores such as Target and there were not Target employees asking to see patrons' receipts as patrons were leaving the Target store.

19. Sam and Clee were then held by Walmart employees until the Pearland police showed up. Due to the false accusations of the Walmart employees Sam was detained,

arrested, and put in handcuffs by the Pearland police. Clee was detained and arrested by Pearland police.

20.     After reviewing the receipt and store video footage the Pearland police released Sam and Clee. The video footage did not show Sam or Clee doing anything suspicious nor did it show any crime. Sam and Clee committed no crime.

21.     Both Sam and Clee suffered mental anguish of at least embarrassment, fear, shame, anxiety, and depression. They have at least suffered from headaches and nausea.

### IV.    CAUSES OF ACTION –ASSAULT AND FALSE IMPRISONMENT

22.     Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

23.     Sam and Clee were falsely imprisoned by the actions of the Walmart employees.

### V.    CAUSE OF ACTION - NEGLIGENT SUPERVISION AND TRAINING

24.     Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

25.     Texas recognizes a cause of action for negligent hiring, as well as for negligent training, retention, and supervision. *See, e.g., Black v. Smith Protective Servs*. 1026 Tex. App. LEXIS 10475; 2016 WL 5400565 (Tex. App.—Houston [1st Dist.] 2016) (no pet.) (summary judgment reversed when company knew about prior false reports to police by security guard and did not take adequate action). An employer owes a duty to its other employees and to the general public to ascertain the qualifications and competence of the employees it hires. *See Morris v. JTM Materials, Inc*., 78 S.W.3d 28, 49 (Tex. App.—Fort Worth, [2nd Dist.] 2002). "Therefore, an employer is liable for negligent hiring,

4

retention, or supervision if it hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Id.* "[T]he employer is liable if its negligence in hiring or retaining the unfit employee was a proximate cause of the plaintiff's injuries." *Id.* Texas also recognizes negligent hiring for failing to background check an armed security guard. *Estate of Arrington v Fields*, 578 S.W.2d 173 (Tex. App.-Tyler 1979). Accordingly, an employer owing a duty to the public may be liable for negligent hiring, supervising, training, or retaining when:

(1) the employer did not use ordinary care in hiring, supervising, training, or retaining an employee; and

(2) the employer's failure to use ordinary care proximately caused injury to Plaintiff.

*See Morris*, 78 S.W.3d at 49.

26. In this case, Walmart failed to supervise its managers and loss prevention employees. Walmart should have reviewed their policy of stopping innocent people during exiting, grabbing bags, and assaulting and detaining Walmart patrons.

## VI. - *Respondeat Superior*

27. Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

28. An employer is liable for his employee's actions under the theory of *respondeat superior* when the employee is in a position to give statements to the police

regarding potential crimes committed on the premises as well detaining, including physically, patrons. The employees in question are manager(s) and/or employees and Walmart is responsible for their conduct.

29.  Walmart is liable for the actions of its managers and loss-prevention personnel in stopping people, grabbing bags, physically detaining people, and interactions with the police. The law in Texas has been established for more than half a century:

> 'In practically all jurisdictions, the law is now settled that a master is liable for the willful and malicious acts of his servant when done within the scope of his employment. Such acts are imputable to the master, under the doctrine of *respondeat superior*, and in accordance with the general principles that the master is liable for any act of the servant done within the scope of his employment, as well as for any act of the servant which, if isolated, would not be imputable to the master, but which is so connected with and immediately grows out of another act of the servant imputable to the master, that both acts are treated as being one indivisible tort, which, for the purposes of the master's liability, takes its color and quality from the earlier act.'

*Houston Transit Co. v. Felder*, 146 Tex. 428, 430, 208 S.W.2d 880, 881 (1948).  A corporation is vicariously liable for the actions of its manager done in the course and scope of his employment.  *Wal-Mart Stores v. Deggs*, 971 S.W.2d 72, 75 (Tex. App.—Beaumont 1996).  The loss prevention personnel's job is to deal with alleged shoplifters and the police. Managers are generally responsible for dealing with customers and alleged shoplifters and the police. *See Knight v. City Streets, L.L.C.*, 167 S.W.3d 580, 583 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

## PUNITIVE DAMAGES

30. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

31. All defendants sued are liable for punitive damages as they were consciously indifferent to the plaintiffs' rights and they did the acts knowingly, were grossly negligent, and reckless and such acts being extreme and outrageous and shocking to the conscious.

## JURY TRIAL

32. The Plaintiffs demand trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

A. Enter judgment for Plaintiffs against Defendants jointly and severally;

B. Award damages to Plaintiffs for the violations of their rights;

D. Award Pre- and post-judgement interest;

E. Award Punitive damages; and

F. Grant such other and further relief as appears reasonable and just, to which, Plaintiffs shows themselves entitled.

Respectfully Submitted,
Kallinen Law PLLC

/s/ *Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:    713.320.3785
FAX:              713.893.6737
E-mail:          AttorneyKallinen@aol.com
Attorney for Plaintiff